BEFORE THE THIRD DIVISION, OCTOBER 26, 1965

**No. 69602.**—L. Batlin and Son, Inc. *v.* United States, protest 64/7937 (Norfolk).

DONLON, Judge: The merchandise of this protest was imported from Japan on October 27, 1959. The collector at Norfolk assessed the merchandise at the rate of 10 cents per dozen pieces and 25 percent ad valorem, under paragraph 211 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), which, so far as pertinent, provides as follows:

> Earthenware and crockery ware composed of a nonvitrified absorbent body, * * * including clock cases with or without movements, pill tiles, plaques, ornaments, charms, vases, statues, statuettes, mugs, cups, steins, lamps, and all other articles composed wholly or in chief value of such ware; * * * and manufactures in chief value of such ware, not specially provided for:
>
> *       *       *       *       *       *       *
>
> Other tableware, kitchenware, and table and kitchen utensils:
> > Valued $2 or more per dozen (except ware and utensils having a body not wholly of clay, painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner)

Plaintiff claims that these teapots are properly dutiable at the rate of 17 percent ad valorem under paragraph 339, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade (T.D. 54108, effective June 30, 1958), which provides different rates of duty according to the metal which is the component of chief value, as follows:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Composed wholly or in chief value of aluminum          [rate]

Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

| | |
|---|---|
| Brass | [rate] |
| Copper | [rate] |
| Pewter | [rate] |
| Tin or tin plate: | |
|     Containing electrical heating elements | [rate] |
|     Not containing electrical heating elements | [rate] |
| Other base metal: | |
|     Electric flatirons | [rate] |
|     Other | 17% ad val. |

Counsel have submitted this case on the following stipulation:

It is hereby stipulated and agreed by and between the parties hereto, subject to the approval of the Court:

1. That item 53/77 covered by entry CE 2203 (10/27/59) and invoiced as earthen electric tea pots, was classified under paragraph 211, as modified by T.D. 52739, as "earthenware, decorated, tableware, kitchenware articles" and duty assessed thereon at the rate of 10¢ per dozen plus 25 per centum ad valorem;

2. That the component material of chief value of said item 53/77 is base metal, other than aluminum, brass, copper, pewter, tin or tin plate;

3. That said item 53/77 is not plated with gold, platinum or silver, and

4. That said item 53/77 contains an electrical heating element.

It is further stipulated and agreed that the protest herein be submitted on the basis of this stipulation of fact, and on the claim that the merchandise is properly dutiable at 17 per centum ad valorem under the provisions of paragraph 339, Tariff Act of 1930, as modified by T.D. 54108.

Both paragraph 211 and paragraph 339 contain the words "not specially provided for." Hence, that expression does not affect their relative specificity. *United States* v. *Electrolux Corporation*, 46 CCPA 143, C.A.D. 718. We find no special provision outside the competing paragraphs, for teapots in chief value of base metal and containing an electrical heating element.

Paragraph 211 provides for table and kitchen utensils in chief value of earthenware. Paragraph 339 provides for table, household, and kitchen utensils, composed wholly or in chief value of metal, and not plated with platinum, gold, or silver.

While it is not stipulated that these are teapots, it is stipulated that they were invoiced as such and that they were classified as tableware or kitchenware articles. It appears, therefore, that plaintiff does not controvert classification of this merchandise as tableware or kitchenware, but presumably claims, as to such tableware or kitchenware, that the constituent material of chief value is metal, and not earthenware. This certainly is not clearly shown, but it may be spelled out from the protest claim, which is for a duty rate of 17 percent under paragraph 339.

The stipulation before us supports such claim. It negatives as the constituent metal, those metals which, under modified paragraph 339, take particular rates different from the catchall rate of 17 percent.

Accepting this stipulation as an agreed statement of facts, we hold that the merchandise consists of earthen electric teapots, identified as item 53/77 on the

invoice covered by the entry of this protest, and that these teapots are table, household, or kitchen utensils which are not plated with platinum, gold, or silver, and are in chief value of a base metal other than aluminum, brass, copper, pewter, tin or tin plate; that they are dutiable at 17 per centum ad valorem, under paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade (T.D. 54108).

To this extent, the protest is sustained. As to all other merchandise and all other issues, the protest is dismissed.

Judgment will be entered accordingly.